### DAVID McAVOY *vs.* JOHN MEDINA.

A stranger in a shop who first sees a pocket-book which has been accidentally left by another upon a table there is not authorized to take and hold possession of it, as against the shop-keeper.

TORT to recover a sum of money found by the plaintiff in the shop of the defendant.

At the trial in the superior court, before *Morton*, J., it appeared that the defendant was a barber, and the plaintiff, being a customer in the defendant's shop, saw and took up a pocket-book which was lying upon a table there, and said, " See what I have found." The defendant came to the table and asked where he found it. The plaintiff laid it back in the same place and said, " I found it right there." The defendant then took it and counted the money, and the plaintiff told him to keep it, and if the owner should come to give it to him ; and otherwise to advertise it ; which the defendant promised to do. Subsequently the plaintiff made three demands for the money, and the defendant never claimed to hold the same till the last demand. It was agreed that the pocket-book was placed upon the table by a transient customer of the defendant and accidentally left there, and was first seen and taken up by the plaintiff, and that the owner had not been found.

The judge ruled that the plaintiff could not maintain his action, and a verdict was accordingly returned for the defendant; and the plaintiff alleged exceptions.

*E. J. Sherman & J. C. Sanborn,* for the plaintiff, cited 1 Bl Com. 295; 2 Kent Com. (6th ed.) 356 ; *Bridges* v. *Hawkesworth,* 7 Eng. Law & Eq. R. 424 ; *Armory* v. *Delamirie,* 1 Stra. 505 *McLaughlin* v. *Waite,* 5 Wend. 404 ; *Mathews* v. *Harsell,* 1 E. D. Smith, 393.

*D. Saunders, Jr.,* for the defendant, cited *Lawrence* v. *The State,* 1 Humph. (Tenn.) 228; *Regina* v. *Pierce,* 6 Cox C. C. 117 ; *Regina* v. *West,* 1 Dearsly C. C. 402; *People* v. *M' Garren,* 17 Wend. 460 ; *Regina* v. *Kerr,* 8 C. & P. 176.

DEWEY, J. It seems to be the settled law that the finder of lost property has a valid claim to the same against all the world except the true owner, and generally that the place in which it is found creates no exception to this rule. 2 Parsons on Con. 97. *Bridges* v. *Hawkesworth,* 7 Eng. Law & Eq. R. 424.

But this property is not, under the circumstances, to be treated as lost property in that sense in which a finder has a valid claim to hold the same until called for by the true owner. This property was voluntarily placed upon a table in the defendant's shop by a customer of his who accidentally left the same there and has never called for it. The plaintiff also came there as a customer, and first saw the same and took it up from the table. The plaintiff did not by this acquire the right to take the property from the shop, but it was rather the duty of the defendant, when the fact became thus known to him, to use reasonable care for the safe keeping of the same until the owner should call for it. In the case of *Bridges* v. *Hawkesworth* the property, although found in a shop, was found on the floor of the same, and had not been placed there voluntarily by the owner, and the court held that the finder was entitled to the possession of the same, except as to the owner. But the present case more resembles that of *Lawrence* v. *The State,* 1 Humph. (Tenn.) 228, and is indeed very similar in its facts. The court there take a distinction between the case of property thus placed by the owner and neglected to be removed, and property lost. It was there held that " to place a pocket-book upon a table and to forget to take it away is not to lose it, in the sense in which the authorities referred to speak of lost property."

We accept this as the better rule, and especially as one better adapted to secure the rights of the true owner.

In view of the facts of this case, the plaintiff acquired no original right to the property, and the defendant's subsequent acts in receiving and ho'ding the property in the manner he did does not create any          *Exceptions overruled.*